**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41341
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO CONTRERAS-MONTOYA,
also known as Gerardo Montoya-Contreras,

Defendant-Appellant.

_____

Consolidated with
No. 02-41566

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO CONTRERAS-MONTOYA, also known as Arturo Lopez-Mansanero,
also known as Juan Ibarra-Olvera,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. B-01-CR-430-1 & B-02-CR-322-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Gerardo Contreras-Montoya (Contreras) appeals his 2002 guilty-plea conviction for being found present in the United States following deportation in violation of 8 U.S.C. § 1326(a), and the revocation of supervised release from his 2001 guilty-plea conviction for illegally entering the United States. Contreras' guilty-plea to the 8 U.S.C. § 1326(a) charge was taken by the magistrate judge and approved by the district court after Contreras gave his written consent. Contreras argues that his guilty plea and conviction are void because a FED. R. CRIM. P. 11 colloquy may never be delegated to a non-Article III magistrate judge. He concedes that this argument is foreclosed by circuit precedent but raises it to preserve the issue for Supreme Court review.

We held in United States v. Dees, 125 F.3d 261, 266-69 (5th Cir. 1997), that 28 U.S.C. § 636(b)(3) provides a magistrate judge with the statutory authority to conduct a FED. R. CRIM. P. 11 guilty plea proceeding and that this delegation of authority does not violate the Constitution. Therefore, Contreras' argument is foreclosed, and the judgments of the district court are AFFIRMED.

The Government's unopposed motion for summary affirmance and to waive the briefing requirement is GRANTED. The Government's request to extend the briefing period is DENIED as unnecessary.